IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RUSSELL K. HILL, #L3506                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:07cv233-TSL-JCS

NEAL B. BIGGERS, HALEY BARBOUR,
STATE OF MISSISSIPPI, and JIM HOOD                                  DEFENDANTS

<u>OPINION AND ORDER</u>

Upon further consideration of the records in this action, the court finds that an order [8] was entered on May 1, 2007, denying the plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and requiring plaintiff to pay the full filing fee of $350.00 within 30 days. Plaintiff was warned that his failure to timely comply with the requirements of the order could lead to the dismissal of his lawsuit. A copy of the order was mailed to the plaintiff at his last known address.

When the plaintiff failed to comply with the order [8] of May 1, 2007, an order to show cause [9] was entered on July 2, 2007, directing the plaintiff to respond on or before July 20, 2009, and explain why this civil action should not be dismissed for the plaintiff's failure to comply with the order of this court. Once again, the plaintiff has failed to comply with an order of this court.

Although more than 15 days have elapsed since the deadline for complying with the order to show cause, the plaintiff has failed to communicate further with the court, either to inquire

as to the status of his case or to attempt to comply with the court's order.  The plaintiff's failure to comply with an order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   14th    day of August, 2007.


                              /s/Tom S. Lee
                              UNITED STATES DISTRICT JUDGE